UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMIL MESSIH,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>        Defendant. | Case No. 21-cv-03032-WHO<br><br>**ORDER ON MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Re: Dkt. No. 37 |

Plaintiff Gamil Messih moves for attorney fees and costs after his Song-Beverly Consumer Warranty Act case settled. Defendant Mercedes-Benz USA, LLC ("MBUSA") argues that Messih should be awarded significantly less than the enhanced amount he seeks. For the reasons that follow, Messih's motion is granted, but in the lesser amount of $38,516.40, with no multiplier, plus $1,821.43 in costs, for a total of $40,337.83.

**BACKGROUND**

Messih sued MBUSA in California state court in March 2021, alleging that it violated the Song-Beverly Act by selling him a defective vehicle and failing to repair, replace, or repurchase it. Dkt. No. 1, Ex. A. MBUSA then removed the case to this court. *Id*.

Soon thereafter, MBUSA moved to compel arbitration, while Messih moved to remand the case back to state court. Dkt. Nos. 6, 15. I denied both motions without oral argument, and later referred the case to private Alternative Dispute Resolution ("ADR"). Dkt. Nos. 23, 24, 31. On February 10, 2022, the parties filed a notice of settlement. Dkt. No. 33. Three months later, Messih notified me that the full terms of the settlement had not yet occurred. Dkt. No. 35. Although MBUSA had paid Messih $95,000 and he had surrendered his vehicle, per the agreed-upon terms, the parties could not agree upon an amount of attorney fees and costs to be paid by MBUSA. *See id*.; *see also* Mot. [Dkt. No. 37] 5:20-6:9. This motion followed. Dkt. No. 37.

**LEGAL STANDARD**

In a diversity case such as this, "the law of the state in which the district court sits determines whether a party is entitled to attorney fees." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Under the Song-Beverly Act, a buyer that prevails

> shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal Civ. Code § 1794(d).

State law also controls how those fees are calculated. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Under the Song-Beverly Act, Messih has the burden of showing that the fees "were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994) (citation and quotation marks omitted). The California Supreme Court has indicated that the lodestar adjustment method is the presumptive way to calculate statutory attorney fees, which courts have used in calculating such fees in Song-Beverly Act cases. *See Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006); *see also Arias v. Ford Motor Co.*, No. CV-18-1928-PSG, 2020 WL 1940843, at *2 (C.D. Cal. Jan. 27, 2020).

The court first determines that lodestar: a "careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (citation and quotation marks omitted). The court may then adjust that amount based on factors such as: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id*. at 1132 (quotation omitted).

**DISCUSSION**

Messih argues that he is entitled to a lodestar of $46,728.50, plus a 1.5 multiplier amounting to $23,364.25, and $1,821.43 in costs and expenses, for a total of $71,914.18. Mot. at 1:16-22. MBUSA responds that the hourly rates of Messih's attorneys were too high; that they

billed hours for work that was not performed, unrecoverable, or duplicative; and that a multiplier is not warranted. Oppo. [Dkt. No. 40] 7:10-15, 11:8-22, 17:27. It further contends that his request for costs and expenses is procedurally improper. *Id*. at 19:1-8. At most, MBUSA argues, the amount of reasonable attorney fees is $10,600, separate from costs and expenses. *Id*. at 19:10-12.

Six attorneys, three paralegals, and one legal assistant billed time.[1] *See* Mot., Wirtz Decl., Ex. A. Of the attorneys, Richard Wirtz had an hourly rate of $695; Amy Rotman, Erin Barns, Jessica Underwood, and Daniel Inscore had hourly rates of $500; and Kelsey Henry had an hourly rate of $400. *Id*. at 14. Wirtz, the managing attorney, has practiced law for nearly 35 years, focusing on "lemon law" cases since 2014. Mot., Wirtz Decl. ¶¶ 4, 7. He represents that he has been involved in more than 400 Song-Beverly Act cases since then. *Id*. ¶ 8. Rotman, a senior attorney, has practiced law for the last decade, including work on "hundreds of lemon law cases." *Id*. ¶ 15. Barns, another senior attorney, has also practiced law since 2012, specializing in fees and costs recovery in lemon law cases. *Id*. ¶ 16. Underwood, a senior attorney, has been licensed to practice law in California since 2015, previously worked as a trial attorney in juvenile dependency court and as an associate at a civil litigation firm, and has worked on "hundreds of lemon law cases." *Id*. ¶ 17. Inscore, a trial attorney, joined the Ohio Bar in 2014 and the California Bar in 2019, the same year he joined Wirtz Law. *Id*. ¶ 18. He previously worked as a trial attorney on medical malpractice, personal injury, and elder abuse cases in Ohio. *Id*. Henry, an associate trial attorney, earned her Juris Doctor in 2018 and has been licensed to practice in California since 2020. *See id*. ¶ 19; Reply [Dkt. No. 48] Henry Decl. ¶ 3.

Danielle Viviani and Rebecca Evans, both senior paralegals, had hourly rates of $250. Wirtz Decl., Ex. A. Evans received her paralegal certificate in 2015; Viviani in 2020. Wirtz Decl. ¶¶ 20-21. Donna Bollenbacher, a paralegal who received her certificate in 2020, had an hourly rate of $200. Wirtz Decl., Ex. A; Wirtz Decl. ¶ 22. Finally, Andrea Lizarraga, a legal assistant, had an hourly rate of $150. Wirtz Decl., Ex. A. She graduated college in 2021 and attends a paralegal program. Wirtz Decl. ¶ 23.

---

[1] A fourth paralegal, Andrea Beatty, is named on the billing records. *See* Mot., Wirtz Decl., Ex. A at 14. The chart shows that Beatty worked 0.1 hour, but lists $0 as the amount billed. *See id*.

These billing rates are reasonable given the rates that courts in this district have accepted for attorneys with similar experience in Song-Beverly Act cases. *See, e.g., Cox v. FCA US LLC*, No. 20-CV-03808-WHO, 2022 WL 316681, at *2 (N.D. Cal. Feb. 2, 2022) (approving hourly rates of $525 for a partner, $450 for a senior associate, and $250 for associates); *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2020 WL 363006, at *4-5 (N.D. Cal. Jan. 22, 2020) (approving rates of $490 for a managing partner and $250 to $375 for associates); *Boyzo v. FCA USA LLC*, No. 17-CV-04154-JCS, 2020 WL 1914805, at *2-3 (N.D. Cal. Apr. 20, 2020) (approving attorneys' hourly rates ranging from $650 to $225, and a paralegal's hourly rate of $75). Although some of the rates skew a bit higher, "the reasonableness of a fee is a range," and none are so costly as to be unreasonable. *See Cox*, 2022 WL 316681, at *2.

As for the hours billed, Wirtz worked 1.3 hours, Rotman worked 23.4 hours, Barns worked 15 hours, Underwood worked 1.3 hours, Inscore worked 31.8 hours, and Henry worked 3.9 hours. Wirtz Decl., Ex. A. Of the paralegals, Viviani worked 9.8 hours, Evans worked 23.4 hours, and Bollenbacher worked 0.7 hours. *Id.* Lizarraga worked 0.5 hours. *Id.*

I agree with two of MBUSA's objections to the hours worked. First, Messih's counsel consistently billed for calendaring; downloading, saving, preparing, and/or e-filing documents; and receiving emails. *See generally id*. Such tasks constitute clerical work that is "generally not recoverable in a motion for attorney's fees and should instead be considered a part of normal overhead costs." *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496-YGR, 2015 WL 1886708, at *8-9 (N.D. Cal. Apr. 24, 2015) (eliminating time entries for preparing and e-filing documents); *see also District Council 16 N. Cal. Health & Welfare Tr. Fund v. Ross*, No. 20-CV-07726-KAW, 2022 WL 16702490, at *8 (N.D. Cal. Oct. 7, 2022) *report and recommendation adopted* 2022 WL 16701124 (N.D. Cal. Nov. 3, 2022) (eliminating time entries for e-filing documents and calendaring); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing fee request for "document organization time" as clerical work). MBUSA objects to $7,365 in billing entries as clerical work. *See* Oppo. at 12:18-13:6; *see also* Oppo., Ex. E (detailing objections). However, at least some of the flagged entries appear to include substantive work, including, for example, reviewing and revising the motion to remand and discovery requests. *See*

4

Wertz Decl., Ex. A. Moreover, because Messih's counsel used block billing, it is difficult to determine with certainty how much of the work was indeed clerical in nature. Of the objected-to $7,365, I will remove half of the hours bill—amounting to $3,682.50—to account for this.

I also agree with MBUSA's objection to charging for the time spent drafting, preparing, and filing of petitions for admission for Rotman and Inscore to appear before this court, and the time spent registering the individuals assigned to this case with the court's electronic notification system. *See* Oppo. at 13:7-26; *see also* Oppo., Ex. E (detailing objections). These entries are also for administrative tasks and constitute an additional $250 to the amount noted above.

That leaves the lodestar at $42,796, which I will reduce by 10%. This was a straightforward case with little discovery and only two substantive motions (to compel arbitration and to remand) that were resolved without oral argument. *See* Dkt. No. 24. There were no novel or particularly difficult questions involved. There is no indication that the nature of this litigation precluded other employment by counsel. And the hourly rate compensates for the contingent risk of the litigation. A multiplier is not appropriate. Rather, the 10% reduction is necessary because Messih's counsel used six lawyers, four paralegals, and one legal assistant in this simple case, which creates inefficiencies. In addition, the firm used block billing, meaning it is not possible to determine with certainty the work performed on each task.

In sum, although Messih has adequately shown that the rates of his counsel were reasonable, the hours billed included clerical and administrative work that should be excluded. Those exclusions, coupled with the 10% lodestar reduction, leaves a total of $38,516.40 in attorney fees awarded to Messih.

**CONCLUSION**

Messih's motion for attorney fees is GRANTED in the amount of $38,516.40, plus $1,821.43 in costs, for a total of $40,337.83.

**IT IS SO ORDERED.**

Dated: January 9, 2023

William H. Orrick
United States District Judge

5